DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| CLAUDETTE McGHEE,<br><br>Plaintiff,<br><br>vs.<br><br>GUAM COMMUNITY COLLEGE, BOARD OF TRUSTEES (Members), DR. HEROMINANDO DELOS SANTOS, President, DR. JOHN RIDER, Academic Vice President, and MR. GARY HARTZ, OSD Administrator,<br><br>Defendants. | Civil Case No. 07-00012<br><br>**ORDER DISMISSING CASE** |

This matter came before the court on March 26, 2008, for a hearing on Defendants' Motion to Limit Appearance, Motion to Dismiss for Lack of Subject Matter Jurisdiction and Personal Jurisdiction, and Motion to Dismiss for Failure to State a Claim and Insufficient Service.[1] The court hereby **DISMISSES** the case with prejudice, due to the time bar of Plaintiff's claims, and issues the following decision.

## **BACKGROUND**

On May 17, 2005, Plaintiff, Claudette McGhee, ("McGhee") filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Guam

---

[1] At the hearing, the Defendants orally argued a Motion to Limit Appearance. Without waiving their position that this court lacked *in personam* jurisdiction over Defendants due to lack of service, the Defendants argued that the complaint should be dismissed because it was time barred. Plaintiff did not object to the Motion to Limit Appearance, and the court granted the Motion.

Community College alleging discrimination based upon race, sex, age, national origin, and retaliation. The alleged retaliation occurred as a result of McGhee having filed a prior EEOC Complaint, for activities dating from January 1, 2004, through March 24, 2005. On or about February 28, 2006, the EEOC sent McGhee a letter informing her that it was closing its file due to an inconclusive investigation. (*See* Docket No. 1 at 5). Plaintiff received the EEOC letter on or about March 8, 2006. (*See* Docket No. 6, Exhibit B). In the letter she was also informed that she had ninety (90) days from receipt of the letter to file a civil action. *Id.* McGhee timely filed suit in this court on May 24, 2006. (*See* Docket No.1 at 2.) However, on December 22, 2006, the court dismissed the matter due to insufficient service of process.[2] *Id.* McGhee did not appeal the dismissal. Instead, she re-filed a complaint on May 15, 2007, over fourteen (14) months after her receipt of the right-to-sue letter from the EEOC and over four (4) months after her original complaint was dismissed. (*See* Docket No. 1 generally).[3]

Plaintiff's new complaint alleges claims pursuant to Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2003, *et. seq.,* and 42 U.S.C. §§ 1981 and 1985. On June 5, 2007, the Defendants filed the instant motions. (*See* Docket No. 6). On March 26, 2008, the court held a hearing on the Defendants' motions.

## DISCUSSION

The Defendants now move this court to dismiss the Complaint because it was untimely filed. The Defendants seemingly argue that there is no subject matter jurisdiction or a cause of action as pled because of the untimeliness of the Complaint.

**TIME BAR OF TITLE VII CLAIMS**

A Title VII action must be commenced within ninety (90) days of receipt of a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); *Nelmida v. Shelly Eurocars, Inc.,* 112 F.3d 380, 383 (9th Cir. 1997). The ninety (90) day filing period provided for in 42 U.S.C.

---

[2] This court gave the Plaintiff two months to provide the court with good cause as to why service of process had not been properly made on the Defendants and why the case should not be dismissed. The Plaintiff provided no evidence of good cause, and the court thereinafter dismissed the case. (*See* Docket No. 17 at 5, in Civil Case No. 06-00014.) (*See* Generally Docket No. 30 in Civil Case No. 06-00014.)

[3] The Complaint was virtually identical to her complaint that was previously dismissed by this court.

-2-

§ 2000e-5(f)(1) is a statute of limitations. *Scholar v. Pac. Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992). If a claimant fails to file a complaint within ninety (90) days of the receipt of her right-to-sue letter, her action is barred by the statute. *Id.* The Plaintiff argues that although she did not file the Complaint within the 90 days provided by the statute, the doctrine of equitable tolling should apply.

In actions brought pursuant to Title VII, the equitable tolling doctrine has been applied by the Supreme Court in certain circumstances, but it is to be applied "only sparingly." *Scholar,* 963 F.2d at 268 (citing *Irwin v. Veterans Admin.,* 498 U.S. 89, 111 S.Ct. 453, 457-58 (1990)). For example, equitable tolling may be applied "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," *id.,* or "when extraordinary circumstances beyond the plaintiff's control [such as severe mental incapacity], made it impossible to file a claim on time." *Stoll v. Runyon,* 165 F.3d 1238, 1242 (9th Cir. 1999). Further, the Ninth Circuit has presumed that a plaintiff seeking to re-file a Title VII action after dismissal without prejudice is time-barred unless the action is re-filed within the 90-day period. *Wei v. State of Hawaii,* 763 F.2d 370, 372 (9th Cir. 1985).

In this case, McGhee received her right to sue letter from the EEOC on March 8, 2006, and thus had until June 7, 2006, to file a Title VII action. McGhee timely filed a complaint with the court on May 24, 2006. (*See* Docket No. 1 in Civil Case No. 06-00014). However, the court dismissed the case after McGhee failed to provide good cause for lack of service of process on the Defendants. McGhee then waited in excess of four months to re-file the complaint. She offers no reason for the delay. The Supreme Court has recognized that courts are generally "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin,* 498 U.S. at 96.

As noted, McGhee argues that the court should employ an equitable tolling of the statute of limitations in light of her previous filing. McGhee suggests that since her previous timely complaint was dismissed without prejudice, equitable tolling is warranted. However, as the Sixth Circuit stated in *Wilson v. Grumman Ohio Corp.*, "[i]t is generally accepted that a dismissal without prejudice leaves the situation the same as if the suit had never been brought,

1 and that in the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending." 815 F.2d 26, 27 (6th Cir. 1987).

The court finds that under the circumstance, equitable tolling is unwarranted. There is no statute allowing an exception from the statute of limitations, and the Plaintiff offers no excuse for the delay other than to point out that the previous dismissal was without prejudice. She has failed to demonstrate that she has exercised due diligence in pursuing her cause of action. Therefore, the court finds that equitable tolling with respect to McGhee's Title VII claims is not warranted. The court notes that even if it excluded the time during which the Plaintiff's Complaint in Civil Case No. 06-00014, was pending from its calculation of time for purposes of equitable tolling, McGhee's complaint was still filed well outside the statute of limitations. Accordingly, the court **DISMISSES** this claim with prejudice.

**TIME BAR OF CLAIMS PURSUANT TO 42 U.S.C. §§ 1981 AND 1985**

The statute of limitations in §§ 1981 and 1985 cases is governed by state law. *McDougal v. County of Imperial,* 942 F.2d 668, 672-74 (9th Cir. 1991). Because these types of actions are best characterized as actions for injuries to personal rights, federal courts borrow the statute of limitations that applies to personal injury actions from the forum state. *Id.* The parties do not dispute that the applicable statute of limitations for personal injury claims on Guam is two (2) years. 7 GCA §§ 11301, 11306. Although, state law prescribes the statute of limitations applicable, federal law governs the time of accrual. *Kimes v. Stone,* 84 F. 3d 1121, 1128 (9th Cir. 1986.) Under federal law, a claim generally accrues when the plaintiff "knows or has reason to know of an injury which is the basis of the action." *Id.*

In the instant case, McGhee's claims accrued on March 24, 2005. *See* Motion, Exhibit A. Therefore, the deadline for filing a cause of action was March 24, 2007. McGee filed on May 17, 2007, two (2) months late. McGhee asserts that equitable tolling is warranted but again provides no support whatsoever. As previously indicated, the length of delay between dismissal and the filing of her second complaint, coupled with the facts as set forth within the complaint itself, all point to McGhee's lack of diligence in pursuing her claim. Accordingly,

-4-

McGhee is not entitled to equitable tolling and her claims brought under §§ 1981 and 1985 are barred by the statute of limitations. The court therefore **DISMISSES** these claims with prejudice.

As noted above, the Ninth Circuit held in *Lopez v. Smith*, that the court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." 203 F.3d 1122, 1127 (9th Cir. 2000). Since the court has determined that all of McGhee's claims are time barred, any attempts to amend the Complaint would be futile.

## **CONCLUSION**

Based upon the foregoing analysis, the court hereby **GRANTS** the Defendants' Motion to Limit Appearance, and **DISMISSES** this case with prejudice as to all Defendants.[4]

**SO ORDERED THIS 31ST DAY OF MARCH, 2008.**



/s/ Frances M. Tydingco-Gatewood
Chief Judge

---

[4] Due to the fact that the Plaintiff's action is time-barred, the court does not need to address the merits of the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Personal Jurisdiction, and Motion to Dismiss for Failure to State a Claim and Insufficient Service. These remaining motions are rendered moot and will not be addressed further.